**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION**

| | | |
|---|---|---|
| Albert Delon Reed, Jr., | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No.: 4:01-02684 |
| | ) | |
| vs. | ) | |
| | ) | |
| United States of America, | ) | **ORDER** |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

On June 20, 2001, Albert Delon Reed, Jr. ("petitioner") commenced this pro se action pursuant to 28 U.S.C. § 2255. On December 5, 2003, this Court entered its judgment granting the government's motion for summary judgment and dismissing the action. On December 22, 2003, the petitioner moved the Court for reconsideration of its order dismissing this case and filed a notice of appeal to the Fourth Circuit Court of Appeals. On July 14, 2004, the Court denied the petitioner's motion for reconsideration. On January 14, 2005, the Fourth Circuit Court of Appeals dismissed the petitioner's appeal. On January 17, 2006, the petitioner filed a motion for relief from the judgment pursuant to Rule 60(b). This matter is now ready for disposition.

The petitioner claims that: 1) his sentence violates Apprendi v. New Jersey, 530 U.S. 466 (2000) and 2) the Supreme Court recognized a new and retroactively applicable right in United States v. Booker, 543 U.S. 220 (2005). The ultimate question here is whether the petitioner's motion should be treated as a successive collateral review application. The Fourth Circuit Court of Appeals has held that "district courts must treat Rule 60(b) motions as successive collateral

review applications when failing to do so would allow the applicant to evade the bar against relitigation of claims presented in a prior application or the bar against litigation of claims not presented in a prior application." United States v. Winestock, 340 F.3d 200, 206 (4th Cir. 2003). "Review of successive applications is available only in limited circumstances." Id. at 203. District Courts must not allow prisoners to circumvent rules regarding successive applications by attaching different labels to their pleadings. Calderon v. Thompson, 523 U.S. 538, 553 (1998). As amended, the Antiterrorism and Effective Death Penalty Act (AEDPA), 28 U.S.C. §2255 bars successive applications unless they contain claims relying on:

> (1) newly discovered evidence, that if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C.A. § 2255 ¶ 8.

On December 5, 2003, this Court dismissed the petitioner's 2255 motion, holding that Apprendi does not retroactively apply to the petitioner's case on collateral review because the petitioner's conviction became final in 1996 when the Fourth Circuit affirmed his conviction and sentence before Apprendi was decided. Because this Court previously decided the petitioner's Apprendi claim, this claim is successive and should be treated accordingly. "In the absence of pre-filing authorization, [this Court] lacks jurisdiction to consider" a successive collateral review application. United States v. Winestock, 340 F.3d at 205.

The petitioner contends that Booker is a change in intervening law made retroactively applicable and therefore entitles him to relief from the Court's judgment. This argument is

without merit. The Supreme Court clearly stated that its holding in Booker must be applied "to all cases on direct review." United States v. Booker, 543 U.S. at 225. Subsequent to the Supreme Court's Booker decision, the Fourth Circuit Court of Appeals held that Booker "is not available for post-conviction relief for federal prisoners, . . . whose convictions became final before Booker . . . was decided." United States v. Morris, 429 F.3d 65, 72 (4th cir. 2005). On September 27, 1995, the petitioner was sentenced to life imprisonment. On November 4, 1996, the Fourth Circuit Court of Appeals affirmed his conviction and sentence. The Mandate was filed on November 27, 1996. The petitioner's sentence became final before Booker was issued.

The Supreme Court has not made Booker retroactive to cases on collateral review. In addition, collateral review of the petitioner's sentence terminated in 2003. Therefore, this claim is in substance a successive habeas petition and should be treated accordingly. *See* Gonzalez v. Crosby, 125 S.Ct. 2641, 2647 (2005). "In the absence of pre-filing authorization, [this Court] lacks jurisdiction to consider" a successive collateral review application. United States v. Winestock, 340 F.3d at 205.

The petitioner's motion is dismissed for lack of jurisdiction.

**AND IT IS SO ORDERED**.

*C. Weston Houck*
_____
**C. WESTON HOUCK**
**UNITED STATES DISTRICT JUDGE**

May 24, 2006
Charleston, South Carolina