# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# FLORENCE DIVISION

| | | |
|---|---|---|
| Albert Delon Reed, Jr., | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No.: 4:01-cv-02684 |
| | ) | |
| vs. | ) | |
| | ) | |
| United States of America, | ) | **ORDER** |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

On June 20, 2001, Albert Delon Reed, Jr. ("petitioner") commenced this pro se action pursuant to 28 U.S.C. § 2255. On December 5, 2003, this Court entered its judgment granting the government's motion for summary judgment and dismissing the action. On December 22, 2003, the petitioner moved the Court for reconsideration of its order dismissing this case and filed a notice of appeal to the Fourth Circuit Court of Appeals. On July 14, 2004, the Court denied the petitioner's motion for reconsideration. On January 14, 2005, the Fourth Circuit Court of Appeals dismissed the petitioner's appeal. On January 17, 2006, the petitioner filed a motion for relief from the judgment pursuant to Rule 60(b). On May 24, 2006, the Court dismissed the petitioner's motion for lack of jurisdiction. On June 8, 2007, the plaintiff filed a second motion for reconsideration.

District courts must treat Rule 60(b) motions as successive collateral review applications when failing to do so would allow the applicant "to evade the bar against relitigation of claims presented in a prior application or the bar against litigation of claims not presented in a prior application." United States v. Winestock, 340 F.3d 200, 206 (4th Cir. 2003). "Review of successive applications is available only in limited circumstances." Id. at 203. District Courts

must not allow prisoners to circumvent rules regarding successive applications by attaching different labels to their pleadings. Calderon v. Thompson, 523 U.S. 538, 553 (1998). As amended, the Antiterrorism and Effective Death Penalty Act (AEDPA), 28 U.S.C. § 2255 bars successive applications unless they contain claims relying on:

> (1) newly discovered evidence, that if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C.A. § 2255 ¶ 8.

In this case, the plaintiff does not set forth any newly discovered evidence or new rule of constitutional law made retroactive on collateral review. Instead, he states his disagreement with the Court's previous orders.

The plaintiff also alleges that the Court's judgment is void because it lacked jurisdiction over the subject matter. The plaintiff claims that the government failed to file an information pursuant to 21 U.S.C. § 851. However, the government filed said information on December 29, 1994. The United States Federal District Courts have original and exclusive jurisdiction over all offenses against the laws of the United States. 18 U.S.C. § 3231. The petitioner's prosecution and conviction rests upon 21 U.S.C. §§ 841(a)(1) and 841(b). Therefore, the petitioner's claim of lack of jurisdiction is without merit.

Because the plaintiff fails to set forth newly discovered evidence or a new rule of constitutional law made retroactive on collateral review, his motion for reconsideration is in substance a successive habeas petition and should be treated accordingly. *See* Gonzalez v. Crosby, 125 S.Ct. 2641, 2647 (2005). "In the absence of pre-filing authorization, [this Court]

lacks jurisdiction to consider" a successive collateral review application.  United States v. Winestock, 340 F.3d at 205.

The petitioner's motion is dismissed for lack of jurisdiction.

**AND IT IS SO ORDERED**.

*C. Weston Houck* _____

      **C. WESTON HOUCK**
      **UNITED STATES DISTRICT JUDGE**

November 2, 2007
Charleston, South Carolina